■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP N. DEITCH, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed April 11, 1980, upon his conviction of criminal sale of a controlled substance in the fifth degree, on a plea of guilty, the sentence being a definite term of one year imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing the sentence to a period of probation of five years and imprisonment for 60 days. Said term of imprisonment shall be a condition of and run concurrently with the period of probation (see Penal Law, § 60.01, subd 2, par [d]). As so modified, sentence affirmed and case remitted to the County Court, Nassau County, to fix the conditions of probation. The sentence was excessive to the extent indicated herein. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS M. DE SUZE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 20, 1979, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Case remitted to the Criminal Term to hear and report on whether the dual representation that occurred in this case impaired the right of this defendant to the effective assistance of counsel, and appeal held in abeyance in the interim. We are of the opinion that the affidavit by the "related" defendant De Hoyos, in which he alleges that he could exculpate this defendant, is, by itself, insufficient to establish a conflict of interest or the significant possibility thereof (see *People v Macerola,* 47 NY2d 257, 262). However, in light of the trial court's failure to make the required inquiry (see *People v Gomberg,* 38 NY2d 307), and the fact that on the record before us we cannot say that there was not a significant possibility of a conflict of interest, a hearing is necessary to determine whether the representation that occurred in this case impaired the right of this defendant to the effective assistance of counsel (cf. *People v Rivera,* 62 AD2d 767). Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.